JUSTICE TRIEWEILER
specially concurring in part and dissenting in part.
I concur with those parts of the majority opinion which affirm the District Court’s order dismissing plaintiff’s claims for violation of § 33-18-201, MCA, and for intentional infliction of emotional distress. I also concur with that part of the majority opinion which reverses *20 the District Court’s dismissal of plaintiff’s claim which was based on fraud.
I
I dissent from that part of the majority opinion which affirms the District Court’s order dismissing plaintiff’s claim for tort damages based upon breach of the implied covenant of good faith and fair dealing.
As I stated in Haines Pipeline v. Montana Power Company (Mont. 1991), [251 Mont. 422,] 48 St.Rep. 1102, 1109,I would not follow Story v. City of Bozeman (1990), 242 Mont. 436, 791 P.2d 767.
Story represents a sorry chapter in Montana jurisprudence, which for all practical purposes eliminated the tort of bad faith. In doing so, this Supreme Court did no favor to the citizens of this State.
The tort law of bad faith evolved through careful reasoning and long experience to take the profit out of dishonest and oppressive business practices. Story returned that profit for those in superior bargaining positions.
Every consumer and small businessman and woman in Montana are worse off because of Story.
Haines Pipeline, 48 St.Rep. at 1109 (Trieweiler, J., dissenting).
The worst part of the Story decision is that the legal principle for which it stands was not even an issue raised and briefed by the parties on appeal. As pointed out by Justice Sheehy in his dissenting opinion:
When we read the second portion of the majority opinion, a light dawns as to the reason for the reversal on this thin record. The majority have a higher agenda, one beyond the appeal in this case: the implied reversal of Nicholson v. United Pacific Ins. Co. (1985), 219 Mont. 32, 710 P.2d 1342. They use the vehicle of this case, weak as it is, to work their purpose.
There is no issue raised in this case from the parties or the record as to the concept of implied covenant of good and fair dealing in contracts. The law applying to this subject used by the District Court was that supplied by the defendants. That application by the District Court has become the law of the case. Without briefs on the issues, and without notice to the Bar in general, the majority accomplishes the following results:
3. Where no special relationship exists, the only available damages are contract damages, regardless of how egregious the conduct of the wrongdoing party is and regardless of the tort involved.
*21 What the majority have done in this case is to abrogate any remedy for arbitrary, capricious or egregious conduct by a contracting party, upon issues not raised in this file nor on the record and without notice to the Bar in general. The reversal of the hard-won verdict obtained by Mark Story in this case is a joke. Under the limitations of the majority opinion, he will never again be justly compensated by any jury.
Story, 791 P.2d at 780, 782 (Sheehy, J., dissenting).
I believe that the sounder public policy was articulated in Nicholson v. United States Pacific Insurance (1985), 219 Mont. 32, 710 P.2d 1342, where we stated that:
The nature and extent of an implied covenant of good faith and fair dealing is measured in a particular contract by the justifiable expectations of the parties. Where one party acts arbitrarily, capriciously, or unreasonably, that conduct exceeds the justifiable expectations of the second party. The second party then should be compensated for damages resulting from the other’s culpable conduct.
Nicholson, 710 P.2d at 1348.
I believe there was evidence in this case that Currie, and possibly his employer, acted arbitrarily and unreasonably. His conduct was certainly contrary to the justifiable expectations of the plaintiff. Under the Nicholson criteria, there was sufficient evidence of bad faith to overcome a motion for summary judgment by the defendant. I would allow the plaintiff to pursue her bad faith claim in tort and let a jury decide whether she is entitled to damages for that claim.
Even under this Court’s decision in Story, there was sufficient evidence of bad faith to require submission of this case to a jury. I conclude that the plaintiff satisfied all of the elements in Story which this Court held are necessary to support tort damages for bad faith. Specifically, I believe that: (1) a lay-person who is unsophisticated in the technicalities of insurance coverage who goes to a professional licensed agent and relies on representations made by that agent is in an inherently unequal bargaining position; (2) plaintiff had no basis for questioning any representation that was made to her by someone she presumed to have special knowledge and qualifications for the representations that he made; (3) her purpose for entering into the contract was certainly nonprofit; it was to obtain peace of mind by acquiring business property insurance; (4) ordinary contract damages in this case are not adequate to compensate plaintiff for the *22 experience that has resulted from the defendants’ conduct and will not make plaintiff whole for the disruption to her life that has resulted in this case. (Contract damages will not even cover the legal expense that a person in plaintiff’s position would normally have incurred just to protect her credit rating); and (5) she was especially vulnerable when she placed her trust in Currie, and he certainly was aware of her vulnerability by the fact that she accepted every one of his misrepresentations at face value.
For these reasons I dissent from the majority’s disposition of plaintiff’s claim based on the tort of bad faith.
H. UNFAIR TRADE PRACTICES ACT
I also dissent from that part of the majority opinion which affirms the dismissal of plaintiff’s claim under § 33-18-212, MCA, of the Unfair Trade Practices Act.
Section 33-18-212, MCA, provides that:
(1) A person may not willfully collect any stun as premium or charge for insurance, which insurance is not then provided or is not in due course to be provided (subject to acceptance of risk by the insurer) by an insurance policy issued by an insurer as authorized by this code.
In this case, plaintiff paid Currie $226 for insurance coverage from July 1, 1984, until June 31, 1985. She did not receive insurance coverage during that period of time. The majority disposed of this claim by observing that according to Currie she was covered during portions of that time based on his authority to bind the company. However, providing her with coverage during a portion of the time that she paid for is not the same as providing her with the coverage that she paid for. Furthermore, there was no written policy ever issued upon which plaintiff could have relied to assert a claim for coverage, had one been necessary. All the record reflects is that in retrospect after a dispute arose regarding an additional premium which Truck Insurance Exchange claimed was due, it asserted that it was bound from July 1,1984, through September 4,1984, and again from March 14, 1984, through September 1, 1985.
I conclude that the facts proven in this case would support a cause of action based on a violation of § 33-18-212, MCA. Therefore, I would reverse the District Court’s order which dismissed plaintiff’s claim under that statute by summary judgment.
JUSTICE HUNT concurs in the foregoing concurrence and dissent.